**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALONDRA CORONADO MADRIGAL, | No.   20-70848 |
| Petitioner, | Agency No. A213-088-751 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 27, 2026[**]
San Francisco, California

Before:  SCHROEDER, FRIEDLAND, and COLLINS, Circuit Judges.

Alondra Coronado Madrigal, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals (BIA) affirming the

decision of the immigration judge (IJ) denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency."  *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).  We review factual findings by the agency for substantial evidence.  *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc).  Under substantial evidence review, "[t]o reverse the BIA finding we must find that the evidence not only *supports* [the contrary] conclusion, but *compels* it."  *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis in original).

Substantial evidence supports the BIA's conclusion that Coronado Madrigal is not eligible for asylum or withholding of removal.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").  The record supports the agency's determination that the threats directed towards Coronado Madrigal's family members did not rise to the level of past persecution.  *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir. 2005).  The record also supports the agency's determination that Coronado Madrigal failed to establish a well-founded fear of persecution by persons the Mexican government is unable or unwilling to control.  *See Nahrvani*, 399 F.3d at 1154.  Coronado Madrigal did not report the threats to the police, and the evidence

2

does not compel the conclusion that such reporting would have been "futile or dangerous." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 n.1 (9th Cir. 2020); *see Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1073–74 (9th Cir. 2017) (en banc).

Substantial evidence supports the denial of CAT protection. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). The record does not compel the conclusion that Coronado Madrigal would more likely than not be tortured by or with the consent or acquiescence of Mexican officials if removed. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014). Although Coronado Madrigal presented country conditions evidence of corruption in Mexico, such general evidence does not compel the conclusion that government officials would acquiesce to torture by her brother's murderers, whose identities and motivations are unknown. *See id.* at 1034; *cf. Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1186 (9th Cir. 2020) (remanding where country conditions evidence supported "testimony regarding acquiescence by specific police officers in Petitioner's specific circumstances").

**PETITION DENIED.**[1]

---

[1] The motion to stay removal, Docket No. 1, is denied.